Robin F. Green, Benton County Attorney Benton County Courthouse Annex 201 N.E. 2nd Street Bentonville, AR 72712
Dear Ms. Green:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records.
You state that the Benton County Sheriff's Office has received a request for "complaints or grievances by jail inmates alleging inappropriate behavior by a former Benton County jailer, and any reports or disciplinary actions in response thereto." You further state that the jailer in question resigned, and that prior to his resignation, there was an internal affairs investigation into the allegations made by a jail inmate. Finally, you state that you are not certain as to whether the law that applies to the release of personnel records of employees, including the notification requirements, should apply to former employees.
RESPONSE
The provisions of the FOIA concerning personnel records and employee evaluation/job performance records, including the notice requirements, apply to former employees as well as to current employees. Although the FOIA does not explicitly state that its requirements concerning personnel records and employee evaluation/job performance records apply to former employees as well as to current employees, this office, relying on the broad language of the FOIA and on the interpretation of that language in Watkins, The Arkansas Freedom of Information Act (3rd Ed. 1998) at 134, has consistently so opined. See, e.g., Ops. Att'y Gen. Nos. 2002-006; 2001-217; 2001-055; 2000-130. Accordingly, I will apply those requirements in analyzing the disclosability of the records that have been requested of the Benton County Sheriff's office. It should be noted, however, that because I have not examined the records in question, I cannot opine conclusively as to the release of any particular record.
The records that have been requested most likely include both "personnel records" and "employee evaluation/job performance records." The disclosability of these two types of records is governed by two different standards, which will be discussed below.
In my opinion, any records that were created at the behest of the employer as a part of the internal investigation of the individual in question constitute "employee evaluation/job performance records." See
Ops. Att'y Gen. Nos. 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. The standard for the release of "employee evaluation/job performance records is set forth in A.C.A. § 25-19-105(c)(1). Under that standard, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If the individual in question resigned, and was never suspended or terminated, his employee evaluation/job performance records cannot be released. It should be noted that this should be the result, even if the individual in question resigned in the face of a disciplinary challenge.See Op. Att'y Gen. No. 2001-246; 98-188; 97-063.
The question of whether the inmate grievance and complaint records should be released will depend upon whether they were unsolicited, or were created at the behest of the employer. This office has specifically opined that grievance and complaint records that were created voluntarily by third parties and that were not solicited by the employer constitute "personnel records." The standard for the release of "personnel records" under the FOIA is set forth in A.C.A. § 25-19-105(b)(12). That section of the FOIA provides that personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the individual to whom they refer. Id. In determining whether the release of records would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test, under which it weighs the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
If the inmate grievance and complaint records that have been requested were created voluntarily by the inmates and were not solicited by the employer, they constitute "personnel records." In my opinion, such records should be released under these circumstances, because the public's interest in the conduct of a public employee such as a jailer will generally outweigh any privacy interest the jailer may have in such records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General